IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALINA & A TOURS, INC.,<br><br>**Plaintiff(s)**<br><br>v.<br><br>ROYAL CARIBBEAN CRUISES LTD., <u>et al.</u>,<br><br>**Defendant(s)** | **CIVIL NO.** 06-1009 (JAG) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Upon review of the Magistrate-Judge's Report and Recommendation (Docket No. 17), and plaintiff's objections thereto (Docket No. 24), the Court finds no reason to depart from the Magistrate-Judge's findings. Accordingly, the Court **DENIES** plaintiff's request for a preliminary injunction (Docket No. 5).

The Court understands that the Magistrate-Judge's discussion sufficiently addresses the arguments raised by plaintiff in its objections. Nevertheless, the Court adds, as further grounds to support the conclusion that plaintiff has failed to establish a likelihood of success on the merits, that the policy behind both Law 21 and Law 75 is to protect dealers and sales agents within the Puerto Rico market and their protection does not extend beyond the island's geographical boundaries. Law 75 defines a "dealer's contract" as a relationship established for "the distribution of a merchandise or [] the rendering of services . . . <u>on the market of</u>

Civil No. 06-1009 (JAG)                                                    2

Puerto Rico." P.R. Laws Ann. 10 § 278 (emphasis added). Likewise, Law 21 defines a "sales representation contract" as certain activities ". . . directed at capturing clientele to offer it a product or service marketed by [the sales representative] in Puerto Rico . . . ." P.R. Laws Ann. 10 § 279 (emphasis added).

In this case, the plaintiff is defendants' sales representative for twenty-five Caribbean islands, including Puerto Rico. The dispute arises because the defendant decided not to renew plaintiff's contract for seven of these Caribbean markets.[1] The Puerto Rico market is not, however, included within those seven. Thus, because defendants' new contractual terms do not affect plaintiff's activities within the Puerto Rico market, the Court finds that neither Law 21 nor Law 75 are applicable to the facts of this case.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of March 2006.

                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge

---

[1] To wit, Aruba, Bahamas, Barbados, Cuba, Curacao, Dominican Republic, and Haiti.